UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE E. TREMBLE,

    Plaintiff,                               CIVIL ACTION NO. 05-CV-60179

    v.                                      DISTRICT JUDGE JOHN CORBETT O'MEARA
                                             MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a full range of light work.

\* \* \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on June 10, 2002, alleging that he had become disabled and unable to work on July 15, 2000, at age 46, due to low back, left hip and bilateral shoulder pain.[1] Benefits were denied by the Social Security Administration. A

---

[1] Plaintiff filed a prior application for DIB and SSI benefits alleging the same disability as the present application (TR 37), which was denied by the SSA and not pursued further (TR 40-41). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (November 20, 2001). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

requested de novo hearing was held on January 13, 2004, before Administrative Law Judge (ALJ) Daniel G. Berk. The ALJ found that the claimant retained the residual functional capacity to perform a full range of light work.[2] The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the administrative hearing (TR 177). He had been graduated from high school, and had been employed from 1976 through 1993 as an automobile assemblyman for General Motors (TR 57, 65, 178).  After the claimant was laid off by GM, he worked as a packager and construction clean up man for a temporary employment agency (TR 178-179, 188). As a automobile assembler, he did a lot of walking and standing. He had to constantly bend down and reach over his head.  He was required to lift about 10 pounds on a regular basis (TR 65).

Claimant stopped working in May 2000, due to severe back pain (TR 181). Plaintiff alleged that he remained disabled due to severe back pain that prevented him from doing any bending, stooping or lifting (TR 181).  Plaintiff estimated that he could sit for 10 minutes, stand 15 minutes, and lift about 8 pounds before needing to sit or lie down (TR

---

[2]Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities.  If someone can do light work, the Commissioner will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b) (2005).

182-183). Other impairments which prevented claimant from working included hypertension and frequent urination caused by an enlarged prostate (TR 184). Pain medications proved ineffective, and he allegedly had to lie down for several hours each day in order to get any pain relief (TR 185). Plaintiff maintained that he was unable to do any household chores or yard work. He spent his days at home watching television, reading newspapers, and visiting friends and family (TR 73-75).

A Vocational Expert (VE), Lawrence Zatkin, classified Plaintiff's past relevant work as medium to heavy, unskilled activity (TR 189). The witness testified that there were no jobs for claimant to perform if his testimony was fully accepted (TR 190).[3] If the claimant were capable of light work, however, the VE stated that there were numerous entry level jobs that he could still perform (TR 189).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease of the lumbar spine, benign prostatic hypertrophy and hypertension, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded him from performing jobs requiring him to lift more than 20 pounds and/or to stand or walk for longer than 6 hours in an 8 hour day. The Law Judge relied on the Medical-Vocational Guidelines (Rules 202.20) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform.

STANDARD OF REVIEW

---

[3]The witness opined that claimant's inability to sit or stand for prolonged periods would preclude work activity (TR 190).

**3**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.   See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains he is disabled as a result of severe joint pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a full range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain. While the claimant has chronic low back and left leg pain due to degenerative disc disease, the objective medical evidence does not identify any significant disc herniation or spinal cord compression (TR 134). Dr. Ernesto Bedia, an examining physician, reported in August 2002, that Plaintiff was not experiencing any paraspinal muscle spasms or point tenderness (TR 92). There was good range of back motion, and claimant could easily squat and recover (TR 93). A neurological evaluation found no signs of sensory, motor or reflex abnormalities, and straight leg raising was possible to 90 degrees bilaterally (TR 93).

Dr. Pantcho Maslinski, a treating neurologist, found claimant to be alert and well oriented during a July 2002 evaluation. Dr. Maslinski stated that Plaintiff had full strength in his upper extremities and left knee. There was no pain upon compression of the paravertebral area in the lumbar area. Plaintiff's gait was normal, and no major neurological deficits were evident (TR 111-112).

While Plaintiff contends that frequent urination caused by an enlarged prostate would interfere with his ability to return to work, urology treatment notes indicated that the condition improved with medications (TR 137). Similarly, claimant's hypertension was found to be under good control as of August 2002 (TR 92). The claimant has not required hospitalization, emergency room treatment or surgery for his back pain. The medical record does not show that the claimant has engaged in any physical therapy or pain clinic treatment. He also has not needed any ambulatory aid, brace, TENS unit, analgesic ointment, ice or heat treatment for back pain. The relatively infrequent trips to Dr. Maslinski for treatment of the allegedly disabling symptoms[4] casts further doubt on his credibility and detracts from any claim of total disability.

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of a state agency consulting physician[5], who concluded that the claimant could perform unskilled, light work, as that term is defined by the SSA (TR 79-85). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's

---

[4] The medical records for 2003 documents only two office visits with claimant's neurologist.

[5] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(I) (2005).

6

subjective complaints of persistent, severe, totally disabling symptoms stemming from his back and leg pain were not fully credible.

Plaintiff relies heavily upon the fact that Dr. Maslinski described him as totally disabled on a form report (TR 156-158). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if her clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Maslinski offered little objective evidence to support his disability opinion[6], it need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the

---

[6]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so (TR 22). The ALJ expressed concern about the lack of medical documentation to support the opinion. As the Law Judge observed, Dr. Maslinski tendered only conservative treatment, which is at odds with the doctor's overly restrictive assessment of his patient's functional abilities (TR 22). Indeed, it appears Dr. Maslinski's residual functional capacity evaluation was based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he has the vocational qualifications to perform alternative jobs in the economy, notwithstanding his severe impairments. Since Plaintiff could have performed a full range of light work after July 2000, the Commissioner could meet her burden of establishing that he retained the residual functional capacity to perform alternative substantial gainful work existing in the national economy through the Medical-Vocational guidelines.[7] Given claimant's age, educational level, and skilled work history, Rule 202.20 of the guidelines directed a finding of "not disabled".

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir.

---

[7]Claimants who can no longer perform past relevant work are assigned grid categories according to their residual functional capacity, age, education, and transferable skills, and the grid dictates a conclusion or rule of "disabled" or "not disabled". See 20 C.F.R. § 404, subpt. P, appendix 2 200.00(a) (2005).

**8**

1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: February 22, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 22, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 22, 2006. **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217